1  Dean Gazzo Roistacher LLP
   Scott Noya, Esq. (SBN 137978)
2  440 Stevens Avenue, Suite 100
   Solana Beach, CA  92075
3  Telephone:  (858) 380-4683
   Facsimile:  (858) 492-0486
4  E-mail: snoya@deangazzo.com

5

6  Attorneys for Defendant
   Foothill Transit
7  (erroneously sued as "Foothill Transit Agency")

8         **UNITED STATES DISTRICT COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA**

10 GABRIELA CABRERA,                    | Case No.:

11                Plaintiff,            | **NOTICE OF REMOVAL OF
                                          ACTION; UNDER 28 U.S.C. sec.**
12        v.                            | **1441(a) (FEDERAL QUESTION)**

13 CITY OF WEST COVINA,                 | Trial Date: None set
   FOOTHILL TRANSIT AGENCY,
14 and DOES 1-10, INCLUSIVE,

15                Defendants.

16

17 **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

18        **PLEASE TAKE NOTICE** that defendant Foothill Transit (erroneously

19 sued as "Foothill Transit Agency") hereby removes to this Court the state court

20 action described below:

21        1.      On December 2, 2021, an action was commenced in the Superior

22 Court of the State of California in the County of Los Angeles, Pomona Courthouse

23 South, entitled *Gabriela Cabrera v. City of West Covina, Foothill Transit Agency,*

24 *and Does 1-10, inclusive*, Case No. 21PSCV01003.  Attached hereto as Exhibit

25 "A" is the complaint.  Attached as Exhibit "B" is a true and correct copy of the

26 filed state court Answer of Defendant Foothill Transit to plaintiff's Verified

27 Complaint.

28 ///

1

2        2.     This action alleges, as its First Cause of Action, violation of the

3   Americans with Disabilities Act, Title II and 42 U.S.C. § 12131 *et seq.* against all

4   defendants.  This action also includes as its Second Cause of Action a claim for

5   violation of Section 504 of the Rehabilitation Act of 1973 pursuant to 29 U.S.C. §

6   794 against all defendants. This Court has original jurisdiction over such claims

7   under 29 U.S.C. § 1331 and are claims which may be removed to this Court by

8   defendant pursuant to the provisions of 28 U.S.C. § 1441(a), in that it arises under

9   Title II of the ADA and 42 U.S.C. § 12131 *et seq*. and pursuant to 29 U.S.C. § 794.

10       3.     This action also includes as its Third Cause of Action a state claim

11   for the violation of California Civil Code § 54 against all defendants. This cause

12   of action is related to plaintiff's First and Second causes of action, such that they

13   form part of the same case or controversy under Article III of the United States

14   Constitution. This Court has supplemental jurisdiction over such claims under 28

15   U.S.C § 1367(a).

16       4.     The City of West Covina and Foothill Transit are the only named

17   defendants in the complaint.  Plaintiff has since filed a dismissal of the City of

18   West Covina.  The dismissal without prejudice of defendant City of West Covina

19   submitted by plaintiff, and entered by the state court on February 4, 2022, is

20   attached hereto as Exhibit "C." Because defendant City of West Covina was not

21   served and has now been dismissed from the state court action it has not been

22   requested to consent to this removal.

23       5.     The first date upon which defendant Foothill Transit received a copy

24   of the complaint was January 25, 2022.  The case was removed to federal court on

25   February 24, 2022.  The filed notice of removal in Case No. 22-cv-01294 is

26   attached as Exhibit "D".  That case was terminated on March 2, 2022 for failing

27   to respond to a February 25, 2022 Notice of Deficiency regarding payment of a

28   filing fee.  *See* ECF Doc. No. 3, Case No. 22-cv-01294.  Counsel never received

notice of the deficiency.   Noya Declaration, attached as Exhibit E; Welle Declaration, attached as Exhibit F.   Because the March 2, 2022 notice states "[s]hould you wish to pursue this action, a new case must be filed and a new case number issued," this new action is initiated.   This removal is timely because the action was originally timely removed on February 24, 2022 in Case No. 22-cv-01294.   *See United States v. Dae Rim Fishery Co.*, 794 F.2d 1392, 1395 (9th Cir. 1986) (document filed "when it is placed in the actual or constructive custody of the clerk, despite any subsequent rejection by him of the pleading for non-compliance with a provision of the local rules."); *GBJ, Ltd. v. Redman*, 521 F.Supp.2d 1000, 1000-02 (D. Ariz. 2007) (notice of removal timely filed notwithstanding rejection of document for failing to comply with a local rule).

Dated: March 18, 2022                                    Dean Gazzo Roistacher LLP

By:   */s/ Scott Noya*

Scott Noya
Attorneys for Defendant
Foothill Transit (erroneously sued as "Foothill Transit Agency")

3

# EXHIBIT "A"

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF WEST COVINA, FOOTHILL TRANSIT AGENCY, AND
DOES 1-10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GABRIELA CABRERA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*) your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org) en el Centro de Ayuda de las Cortes de California,(www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Pomona Courthouse South

400 Civic Center Plaza, Pomona, CA 91766

**CASE NUMBER:**
*(Número del Caso):*
21PSCV01003

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dayton Magallanes (SBN 24023 ),15786 Sophomore Ct, Moorpark, CA 93021· (310) 779 2348

**DATE:**
*(Fecha)* 12/02/2021

Sherri R. Carter Executive Officer / Clerk of Court

**Clerk, by** J. Gonzalez , **Deputy**
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Foothill Transit Agency

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Unknown Business formate

4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Dayton Magallanes (Bar No. 240231)
LAW OFFICES OF DAYTON MAGALLANES
15786 Sophomore Ct.
Moorpark, CA 93021
Telephone: 310-779-2348
Email: DaytonMagallanes@Yahoo.com

Attorney for Plaintiff,
Gabriela Cabrera

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES, POMONA COURTHOUSE SOUTH

| | |
|---|---|
| GABRIELA CABRERA,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF WEST COVINA, FOOTHILL TRANSIT AGENCY, AND DOES 1-10, INCLUSIVE<br><br>     Defendants. | Case No. 21PSCV01003<br><br>VERIFIED COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF FOR VIOLATION OF:<br><br>1. Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.*;<br>2. Section 504 of the Rehabilitation Act 29 U.S.C.<br>§ 794 *et seq.*; and<br>3. California's Disabled Persons Act, Cal. Civ. Code § 54<br><br>ACTION SUBJECT TO THE SUPPLEMENTAL FEE IN GOVERNMENT CODE SECTION 70616.5 |

Plaintiff Gabriela Cabrera complains of Defendants City of West Covina, Foothill Transit Agency; and Does 1-10 ("Defendants"), inclusive, allege the following:

**INTRODUCTION**

1. Plaintiff Gabriela Cabrera, an individual suffering from polio, and as a result thereof, afflicted with physical disabilities, requires the use of a wheelchair wherever she goes , and brings the following action, alleging that Defendants City of West Covina ("City )"

1

and Foothill Transit Agency ("FTA") have and continue to discriminate against her based on her disability and in violation of federal and state anti-discrimination statutes.

2. Specifically, Plaintiff alleges that Defendants have failed and/or refused to properly maintain, construct, or alter the bus stop on Valley near the intersection of Nogales ("Bus Stop") such that this stop is completely inaccessible to her as a wheelchair user.

3. Because of Defendants' failure to guarantee the accessibility of the bus stop, Plaintiff has been, and will continue to be, denied full and equal access to Defendants' services, programs, and activities, all to her detriment and damage.

4. Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to provide her "full and equal" access to the Bus Stop as required by law. Plaintiff also seeks damages and reasonable attorneys' fees, costs, and litigation expenses for enforcing her civil rights.

## LITIGATING PARTIES

5. Plaintiff resides in California with physical disabilities. She suffers with polio and cannot walk. She requires the use of a wheelchair for mobility wherever she goes because she is unable to stand or walk independent of assistance and requires a wheelchair for movement. Plaintiff is at all times relevant herein, a "qualified person with a disability" and a "physically disabled person," as those terms are defined under the ADA and its implementing regulations (42 U.S.C. § 12102; 28 C.F.R. § 35.104), Section 504 (29 U.S.C. § 794) and California law (Cal. Gov. Code § 12926).

6. Defendants City of Jurupa Valley and Riverside Transit are at all times relevant to herein, political subdivisions of the State of California.

7. Plaintiff is informed and believes that each of the Defendants herein, including Does 1-10, inclusive, is accountable in some capacity for the events alleged herein or is a

2

Verified Complaint For Damages and Permanent Injunctive Relief

necessary party for obtaining proper relief. Plaintiff may seek leave to amend if and when the true names, capacities, connections, or responsibilities of the Defendants and Does 1 through 10, inclusive, are determined.

8. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venture, parent, subsidiary, affiliate, related entity ,partner ,and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission, or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## COURT JURISDICTION

9. Does 1-10 are sued pursuant to Code of Civil Procedure section 474.

## ALLEGED FACTS

10. Plaintiff resides in the City of West Covina.

11. Plaintiff requires use of a wheelchair to get around.

12 . Plaintiff does not drive and uses public transportation to travel around the community

13 . Plaintiff was traveling towards Cal Poly Pomona and needed to use the bus

14. Plaintiff uses bus number 194 to head to her intended destination.

15. Plaintiff was in the geographic area of the Defendant's public accommodation because he lives nearby.

3

Verified Complaint For Damages and Permanent Injunctive Relief

16. This complaint is filed on behalf of a high frequency litigant. For the pertinent statutory period, 35 construction related accessibility claims have been filed.

17. Bus number 194 stops at the Bus Stop to drop off and pick up bus riders, including Plaintiff, at the location of Valley Blvd. and Nogales Street.

18. On information and belief, at all times relevant herein, the City owned, controlled, maintained, and exercised dominion over the Bus Stop.

19. On information and belief, at all times relevant herein, FTA owned, controlled, maintained, and exercised dominion over the Bus Stop.

20. The bus stop lacks an accessible boarding and unloading area. The features that make the Bus Stop inaccessible to wheelchair users include:

   a. The boarding and unloading area lacks appropriate sidewalk width due to placement of a chain link fence, bus bench, and trash can, to allow Plaintiff to board bus when the bus ramp is engaged due to the aforementioned barriers, thereby precluding Plaintiff from boarding or accessing the bus stop from her seated wheelchair position;

   b. The nearby surrounding "pathway" areas consist of dirt and gravel that are neither level nor stable for Plaintiff to traverse to another bus stop half a mile away in her wheelchair, thereby leaving her with the alternative of waiting for the bus in the middle of the street and in the line of vehicular traffic or traversing in her wheelchair to the nearest available bus stop.

21. On or about the date of August 16, 2021, Plaintiff intended to use the bus stop to head towards Cal Poly Pomona, by using bus number 194 but was unable to use this bus stop

4

due to the aforementioned barriers. Plaintiff intended to use the bus but was forced to make alternate arrangements due to the extreme distance and difficulty Plaintiff would have had in traversing this bus stop in her manual wheelchair.

22. Plaintiff's difficult experiences using the Bus Stop have caused her difficulty, discomfort, embarrassment, and frustration.

23. Plaintiff filed a claim form with the City of West Covina on or about September 10, 2021, mailing it via certified mail. Plaintiff also filed a claim form with Foothill Transit Agency on or about October 22, 2021, also mailing it via certified mail.

24. Plaintiff contends that Defendants have failed to ensure the accessibility of the Bus Stop, and in so doing have failed to guarantee her equal access to and use of the services, activities, and programs they provide to the public by and through the Bus Stop, violating Federal and State law.

25. Based on information and belief the Bus Stop has undergone construction and/or alteration since January 1, 1982, triggering applicable California accessibility standards, California Code of Regulation, Title 24. On this basis, Plaintiff alleges that Defendants have failed to comply with these standards by failing to provide an accessible bus boarding and unloading area at the Bus Stop.

26. Based on information and belief, the Bus Stop has undergone construction and/or alteration since January 1, 1992, triggering applicable ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. D. On this basis, Plaintiff alleges that Defendants have failed to comply with these standards by failing to provide an accessible bus boarding and unloading area at the Bus Stop.

5

27.  Plaintiff intends to use the Bus Stop to travel in the future, and would like to do so self-sufficiently and without encountering the above- described accessibility barriers.

28.  Until said barriers to the accessibility of the Bus Stop are removed, and Defendants' unlawful and discriminatory policies and practices regarding the construction, alteration, and/or maintenance of bus stops are changed, Plaintiff will continue to be denied full and equal access to Defendants' activities, programs, and services, and will suffer continued discrimination and damages as a result.

29.  The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff, that is incalculable in monetary remedies. Plaintiff has no adequate remedy at law because monetary damages, will not provide adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of her civil rights as alleged herein. Accordingly, Plaintiff is entitled to injunctive relief.

## GOVERNMENT CLAIM FILED

### *(As to claims for damages under California State Law)*

30.  Plaintiff timely filed a claim pursuant to § 910 et seq. of the California Government Code with the City on or about September 10, 2021. This claim was rejected by the City of West Covina by operation of law on October 25, 2021.

31.  Plaintiff timely filed a claim pursuant to § 910 et seq. of the California Government Code with FTA on or about October 22, 2021. This claim was rejected by RTA by operation of action on or about November 15, 2021.

Verified Complaint For Damages and Permanent Injunctive Relief

## FIRST CAUSE OF ACTION

### Title II of the Americans with Disabilities Act

### 42 U.S.C. § 12131 *et seq.*

32. Each of the foregoing paragraphs is incorporated herein by reference.

33. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

34. Defendants have at all times mentioned herein been public entities within the meaning of Title II of the ADA.

35. Bus stops are a program, service, and/or activity Defendants offer to the public at large.

36. At all times relevant herein Plaintiff was qualified to use the Bus Stop, and met the essential eligibility requirements for use of the Bus Stop.

37. Defendants' acts and omissions alleged herein have denied Plaintiff the benefits and uses of the Bus Stop, in violation of Title II and its implementing regulations. The Defendants' discriminatory conduct includes, *inter alia*:

   a. Failing to design, construct, and/or alter the Bus Stop in a manner such that it is readily accessible to and usable by individuals with disabilities, when the construction/alteration was commenced after January 26, 1992 (28 C.F.R. § 35.151);

   b. Failing to operate the Bus Stop so that it is "readily accessible to and usable by individuals with disabilities." (28 C.F.R. § 35.150(a));

7

Verified Complaint For Damages and Permanent Injunctive Relief

c. Denying Plaintiff the opportunity to participate in or benefit from the aids, amenities, or services offered by Defendants to the public, on the basis of her disabilities (28 C.F.R. § 35.130(b)(1)(ii));

d. Providing Plaintiff opportunity to participate in or benefit from the aids, amenities, or services offered by Defendants to members of the public that is not equal to that afforded her ambulatory peers (28 C.F.R. § 35.130(b)(1)!ii));

e. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, benefit, or opportunity enjoyed by others receiving the aids, amenities, or services offered by Defendants to members of the public (28 C.F.R. § 35.130(b)(1)(vii));

f. Employing methods of administration that effectively subject Plaintiff to discrimination due to her disability (28 C.F.R. § 35.130(b)(3)(i))· and

g. Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of her disability (28 C.F.R. § 35.130(b)(7)).

38. Title II requires public entities to remove physical barriers that limit or deny access to a public entity's programs, services, and activities under the ADA by no later than January 26, 1995. 28 C.F.R. § 35.150(c). Since enactment of the ADA, and every year thereafter, Defendants' have failed to take appropriate measures to remove such barriers to the Bus Stop, in violation of the ADA.

39. Defendants' duties under the ADA are mandatory and long recognized. Defendants are assumed to have had knowledge of their duties at all relevant times herein, their failure to carry out these duties as alleged herein was willful and knowing and/or the product of intentional and willful indifference.

40. Pursuant to 42 U.S.C. § 12133 and 12205, Plaintiff prays for judgment as set forth below.

8

Verified Complaint For Damages and Permanent Injunctive Relief

**SECOND CAUSE OF ACTION**

**Section 504 of the Rehabilitation Act of 1973 - 29 U.S.C. § 794**

41. Plaintiff incorporates by reference each of the foregoing paragraphs.

42. Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States...shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a). See also 28 C.F.R. Part 42, Subpart G.

43. Defendants receive "federal financial assistance" in the form of federal grants and loans.

44. Defendants' acts and omissions as herein alleged have excluded and/or denied plaintiff the benefit of and/or participation in the programs and activities offered by Defendants to members of the public, in violation of Section 504 and its implementing regulations.

45. Defendants' duties under Section 504 are mandatory and long recognized. Defendants are assumed to have had knowledge of their duties at all relevant times herein, their failure to carry out these duties as alleged herein was willful and knowing and/or the product of intentional and willful indifference.

46. Plaintiff prays for judgment as set forth below Pursuant to 29 U.S.C. § 794(a).

**THIRD CAUSE OF ACTION**

**California Disabled Persons Act - California Civil Code § 54**

*Statuto  Damage & and attorn  ey  es onl  y)*

47. Each of the foregoing paragraphs is incorporated herein by reference.

48. The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the

9

streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places..."

Cal. Civ. Code § 54(a).

49. Described herein, Defendants' acts and/or omissions violate the rights of Plaintiff under the CDPA. Defendants failed to ensure that facilities constructed or altered after December 1981 conformed to the standards contained in California Code of Regulations, Title 24, amongst other things as alleged herein.

50. Defendants have also violated the CDPA by violating the ADA. See Cal. Civ. Code § 54(c).

51. Defendants' duties under the CDPA are mandatory and long recognized. Defendants are assumed to have had knowledge of their duties at all relevant times herein, their failure to carry out these duties as alleged herein was willful and knowing and/or the product of intentional and willful indifference.

52. Plaintiff prays for statutory damages and attorney's fees under Cal. Civ. Code § 54.3(a), pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a). *Note: Plaintiff is not seeking injunctive relief under the CDPA nor invoking section 55 of the California Civil Code.*

### PRAYER

Plaintiff prays that this Court:

1. Issue an injunction pursuant to the ADA and Section 504, ordering Defendants to:

10

Verified Complaint For Damages and Permanent Injunctive Relief

a. Take the requisite steps in bringing the Bus Stop into compliance with applicable federal and state accessibility standards and make it fully and equally available to individuals with mobility disabilities;

b. Modify their respective policies to ensure compliance with new construction and alteration standards and program accessibility obligations.

*Note: Plaintiff is not seeking injunctive relief under the CDPA, nor invoking section 55 of the California Civil Code.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this Court;

3. Award Plaintiff reasonable attorneys' fees, litigation expenses, and costs as provided by law; and

4. Award all other relief as the Court may deem proper.

Dated: 12/1/2021

LAW OFFICES OF DAYTON MAGALLANES

By: _____

D ayon Magallanes
Attorney for Plaintiff,
Gabriela Cabrera

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Dated: 12/1/2021          _____

Gabriel  Cabrera

11

Verified Complaint For Damages and Permanent Injunctive Relief

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Pomona Courthouse South<br>400 Civic Center Plaza, Pomona, CA 91766 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/02/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Gonzalez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21PSCV01003 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Peter A. Hernandez | O | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 12/02/2021
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By J. Gonzalez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## Superior Court of California, County of Los Angeles

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# EXHIBIT "B"

Electronically FILED by Superior Court of California, County of Los Angeles on 02/24/2022 03:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez,Deputy Clerk

1   Dean Gazzo Roistacher LLP
    Scott Noya, Esq. (SBN 137978)
2   440 Stevens Avenue, Suite 100
    Solana Beach, CA  92075
3   Telephone:  (858) 380-4683
    Facsimile:  (858) 492-0486
4   E-mail: snoya@deangazzo.com

5
    Attorneys for Defendant
6   Foothill Transit
    (erroneously sued as "Foothill Transit Agency")          **Exempt from fees per**
7                                                            **Gov. Code Section 6103**

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9         **COUNTY OF LOS ANGELES, POMONA COURTHOUSE SOUTH**

10  GABRIELA CABRERA,                    Case No.: 21PSCV01003

11              Plaintiff,               **ANSWER OF DEFENDANT FOOTHILL**
                                         **TRANSIT TO PLAINTIFF'S VERIFIED**
12      v.                               **COMPLAINT**

13  CITY OF WEST COVINA, FOOTHILL
    TRANSIT AGENCY, and DOES 1-10,       Dept:     O
14  INCLUSIVE,                           Judge:    Hon. Peter A. Hernandez

15                                       Complaint Filed: December 2, 2021
                Defendants.              Trial Date: None set
16

17         Defendant Foothill Transit ("Defendant") answers plaintiff's Complaint ("Complaint")

18  as follows:

19                                       **1.**

20         1.      Answering Paragraph 1: Deny the allegations regarding the City of West Covina

21  as the location of the subject matter referred to in the complaint. Deny the allegations regarding

22  the Defendant Foothill Transit discriminating against plaintiff or any violation of state law. As

23  to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny

24  and on that basis denies them.

25         2.      Answering Paragraph 2: Defendant denies the subject bus stop is inaccessible,

26  and denies any obligation, or failure, to maintain the bus stop which is the right of way of another

27  public entity. As to the remaining allegations, Defendant lacks sufficient information or belief

28  to admit or deny and on that basis denies.

                                          1

1     3.     Answering Paragraph 3: Defendant denies the subject bus stop is inaccessible,

2  and denies any obligation, or failure, to maintain the bus stop which is the right of way of another

3  public entity. As to the remaining allegations, Defendant lacks sufficient information or belief

4  to admit or deny and on that basis denies.

5     4.     Answering Paragraph 4: To the extent this paragraph contains factual allegations

6  requiring an affirmative response, the allegations do not pertain to this Defendant and thus

7  require no affirmative response by the Defendant. Defendant lacks sufficient information or

8  belief to admit or deny and on that basis denies.

9     5.     Answering Paragraph 5: Defendant lacks sufficient information or belief to admit

10  or deny and on that basis denies.

11     6.     Answering Paragraph 6: Defendant admits the identified agencies are public

12  entities, but denies those entities have any connection to the subject of this action.

13     7.     Answering Paragraph 7: To the extent this paragraph contains factual allegations

14  requiring an affirmative response, the allegations do not pertain to this Defendant and thus

15  require no affirmative response by the Defendant. Defendant lacks sufficient information or

16  belief to admit or deny and on that basis denies.

17     8.     Answering Paragraph 8: To the extent this paragraph contains factual allegations

18  requiring an affirmative response, the allegations do not pertain to this Defendant and thus

19  require no affirmative response by the Defendant. Defendant denies any other party is an agent

20  for this answering Defendant. As to the remaining allegations, Defendant lacks sufficient

21  information or belief to admit or deny and on that basis denies.

22     9.     Answering Paragraph 9: To the extent this paragraph contains factual allegations

23  requiring an affirmative response, the allegations do not pertain to this Defendant and thus

24  require no affirmative response by the Defendant.

25     10.     Answering Paragraphs 10-16: Defendant lacks sufficient information or belief to

26  admit or deny and on that basis denies.

27  ///

28  ///

11.     Answering Paragraph 17: Defendant admits bus route 194 stops at Nogales Street and Valley Blvd. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

12.     Answering Paragraph 18: Defendant admits City of Industry (not a named defendant) owns and controls the right of way where the referenced bus stop is located.

13.     Answering Paragraph 19: Defendant denies that it owns and/or controls and/or exercises dominion over the bus stop and/or the right of way where the referenced bus stop is located.

14.     Answering Paragraph 20-22: Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

15.     Answering Paragraph 23: As to the first sentence, Defendant lacks sufficient information or belief to admit or deny and on that basis denies. As to the remaining allegations, Defendant admits plaintiff filed an ADA complaint pursuant to the ADA law, but denies that plaintiff submitted a claim pursuant to the Government Claims Act.

16.     Answering Paragraph 24: Defendant denies that it failed to guarantee equal access with respect to the bus stop, denies that it has responsibility as a fixed route bus service provider to guarantee accessibility of right of way owned by other public agencies, and as to the remaining allegations lacks sufficient information or belief to admit or deny and on that basis denies.

17.     Answering Paragraphs 25-28: Defendant denies that it has responsibility as a fixed route bus service provider to guarantee accessibility of right of way owned by other public agencies, and as to the remaining allegations lacks sufficient information or belief to admit or deny and on that basis denies.

18.     Answering Paragraph 29: Defendant denies that it has discriminated against plaintiff or committed any violation, and denies it has responsibility as a fixed route bus service provider to guarantee accessibility of right of way owned by other public agencies, and as to the remaining allegations lacks sufficient information or belief to admit or deny and on that basis denies.

19.     Answering Paragraph 30: Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

20.     Answering Paragraph 31: Defendant denies that plaintiff timely submitted a claim pursuant to the Government Claims Act, or that a timely claim was denied.

21.     Answering Paragraph 32: To the extent this paragraph contains factual allegations requiring an affirmative response, the allegations do not pertain to this Defendant and thus require no affirmative response by the Defendant. Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

22.     Answering Paragraph 33: Admit.

23.     Answering Paragraph 34: Admit answering defendant is a public entity; as to remaining allegations, deny that as a fixed route bus service provider that all sections of ADA apply to this answering defendant and on that basis denies.

24.     Answering Paragraph 35: Admit fixed route bus service is available to the public but deny that this answering defendant owns and/or controls the bus stop.

25.     Answering Paragraph 36: Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

26.     Answering Paragraph 37: Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

27.     Answering Paragraph 38: Admit the cited code sections provide legal regulations pertinent to ADA law. As to the remaining allegations Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

28.     Answering Paragraph 39: Defendant lacks sufficient information or belief to admit or deny the allegations as to other defendants and on that basis denies. As to this answering defendant, the allegations are denied.

29.     Answering Paragraphs 40-41: To the extent this paragraph contains factual allegations requiring an affirmative response, the allegations do not pertain to this Defendant and thus require no affirmative response by the Defendant. Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

30.      Answering Paragraph 42: Admit the cited code sections provide legal regulations pertinent to ADA law.

31.      Answering Paragraph 43: Admit.

32.      Answering Paragraphs 44-45: Defendant lacks sufficient information or belief to admit or deny the allegations as to other defendants and on that basis denies. As to this answering defendant, the allegations are denied

33.      Answering Paragraph 46: To the extent this paragraph contains factual allegations requiring an affirmative response, the allegations do not pertain to this Defendant and thus require no affirmative response by the Defendant. Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

34.      Answering Paragraph 47: To the extent this paragraph contains factual allegations requiring an affirmative response, the allegations do not pertain to this Defendant and thus require no affirmative response by the Defendant. Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

35.      Answering Paragraph 48: Admit the cited code sections provide legal regulations pertinent to ADA law. As to the remaining allegations Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

36.      Answering Paragraph 49: Defendant lacks sufficient information or belief to admit or deny the allegations as to other defendants and on that basis denies. As to this answering defendant, the allegations are denied.

37.      Answering Paragraphs 50-51: Defendant lacks sufficient information or belief to admit or deny the allegations as to other defendants and on that basis denies. As to this answering defendant, the allegations are denied.

38.      Answering Paragraph 52: To the extent this paragraph contains factual allegations requiring an affirmative response, the allegations do not pertain to this Defendant and thus require no affirmative response by the Defendant. Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

///

**2.**

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Answering defendant is informed and believes that if it is held responsible for the injuries and damages to plaintiffs, if any, plaintiffs were at fault and any award to plaintiffs must be reduced in proportion to the fault attributed to them.

## THIRD AFFIRMATIVE DEFENSE

Answering defendant is informed and believes that the damages suffered by plaintiff, if any, were the actual and proximate result of the acts and/or omissions of others over which this answering defendant exercises no control and answering defendant's liability, if any, is limited in direct proposition to that percentage of fault actually attributed to answering defendant.

## FOURTH AFFIRMATIVE DEFENSE

Answering defendant is informed and believes that plaintiff is barred from pursuing money damages under certain state law causes of action based on the failure to comply with the claims requirements of the California Government Code.

## FIFTH AFFIRMATIVE DEFENSE

Answering defendant is informed and believes that plaintiffs' claims for damages are, in part, barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Answering defendant is informed and believes that plaintiff failed to mitigate her damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Answering defendant is informed and believes that it is not liable for any alleged inadequacy of the dimensions of the wheelchair landing area described in the plaintiff's complaint.  That is because this answering defendant has no control over the right of way or the public entity right of way owner's construction specifications, and the complaint does not expressly allege this answering defendant has any such control or authority.

1  See below excerpts from the ADA Standards: https://www.access-
2  board.gov/files/ada/ADA-Standards.pdf

3  Figure 810.2.2 Dimensions of Bus Boarding and Alighting Areas:

4
5  Note to Reader: The Department of Transportation's ADA standards indicate
   that compliance is required to the extent construction specifications are within
   a public entity's control:
6
7  810.2.2 Dimensions. Bus boarding and alighting areas shall provide a clear
   length of 96 inches (2440 mm), measured perpendicular to the curb or vehicle
   roadway edge, and a clear width of 60 inches (1525 mm), measured parallel to
8  the vehicle roadway. Public entities shall ensure that the construction of bus
   boarding and alighting areas comply with 810.2.2, to the extent the construction
9  specifications are within their control.

10 Because answering defendant lacks control over the public entity right of way owner's

11 construction specifications, this answering defendant is not required to comply with the

12 standards of section 810.2.2, and no ADA violation can be stated against this answering for any

13 alleged inadequacy of the wheelchair landing area which is under control of the City of Industry.

14 **EIGHTH AFFIRMATIVE DEFENSE**

15 Answering defendant is informed and believes that it is immune from liability for state

16 law claims under Government Code section 815.2, 818.2, 818.8, 820.2, 820.4, 820.8, 821, 821.6,

17 822.2, and 845.8.

18 **NINTH AFFIRMATIVE DEFENSE**

19 Answering defendant alleges that pursuant to Appendix E to Part 37 (reasonable

20 modification), the Department of Transportation final rule provides stopping a bus a short

21 distance from a bus stop sign to allow a wheelchair user to avoid an obstacle to boarding using

22 a lift is reasonable and is not a violation of the ADA standards, and therefore this answering

23 defendant is not liable in this matter and injunctive relief is unavailable.

24 **TENTH AFFIRMATIVE DEFENSE**

25 Answering defendant alleges that plaintiffs' rights, privileges, and immunities secured

26 under the ADA Standards and/or laws of the United States, have not been violated by any alleged

27 conduct of this answering defendant**.**

28 *///*

1

## **ELEVENTH AFFIRMATIVE DEFENSE**

At the time and place referenced in the Complaint, and before such event, plaintiffs knew, appreciated and understood each and every risk involved in placing themselves in the position when they willingly and voluntarily assumed each of said risks, including, but not limited to, the risk of suffering deprivation of ADA right(s).

## **TWELFTH AFFIRMATIVE DEFENSE**

Answering defendant alleges that plaintiffs' Complaint fails to state facts sufficient to set forth a claim for injunctive relief.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

Answering defendant alleges that plaintiffs' claims are barred by the equitable doctrines of estoppel, laches, and unclean hands.

## **FOURTEENTH AFFIRMATIVE DEFENSE**

Answering defendant currently has insufficient knowledge or information upon which to determine whether additional affirmative defenses may be available to it which has not yet been asserted in this answer, and therefore reserves the right to assert additional affirmative defenses upon subsequent discovery, investigation, and analysis.

**WHEREFORE**, defendant prays as follows:

1.    That plaintiff take nothing by her Complaint;

2.    That defendant be awarded its costs of suit;

3.    For such further relief as the court deems proper; and

4.    That the sole liability of this defendant, if any, be limited in proportion to the degree of fault attributable to this answering defendant.

Dated: February 24, 2022                              Dean Gazzo Roistacher LLP

By: _/s/ Scott Noya_
Scott Noya
Attorneys for Defendant
Foothill Transit (erroneously sued as "Foothill Transit Agency")

Electronically FILED by Superior Court of California, County of Los Angeles on 02/24/2022 03:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez,Deputy Clerk

| | |
|---|---|
| ATTORNEY or party without attorney (Name, state bar number, and address):<br>Dean Gazzo Roistacher LLP<br>Scott Noya, Esq. (SBN 137978)<br>440 Stevens Avenue, #100<br>Solana Beach, CA 92075<br>Telephone No.  (858) 380-4683        Facsimile No.  (858) 492-0486<br>ATTORNEY FOR Defendant Foothill Transit | *FOR COURT USE ONLY* |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>Street Address:        400 Civic Center Plaza<br>Mailing Address:      400 Civic Center Plaza<br>City and Zip Code:   Pomona, CA 91766<br>Branch Name:          Pomona Courthouse South |

| | |
|---|---|
| **PLAINTIFF(S)/PETITIONER(S)**  Gabriela Cabrera | CASE NUMBER:<br>21PSCV01003 |
| **DEFENDANT(S)/RESPONDENT(S)**        City of West Covina, et al. | |

| | |
|---|---|
| **PROOF OF SERVICE—CIVIL**<br>Check method of service (only one):<br>☐ By Personal Service ☐ By Mail        ☐ By Messenger Service<br>☐ By Facsimile      ☐ By Overnight Delivery  ☒ By E-Mail/Electronic<br>Transmission | JUDGE:Peter A.<br>Hernandez<br>DEPT: O _____ |

*(Do not use this Proof of Service to show service of a Summons and Complaint)*

1.      At the time of service I was over 18 years of age and **not a party to this action**.

2.      My address is (specify one):
   a.  ☒  Business:                          b.  ☐  Residence:

   **440 Stevens Avenue, Suite 100, Solana Beach, CA 92075**

3.      The fax number or electronic address from which I served the documents is (*complete if service was by fax or electronic service*):
jwelle@deangazzo.com

4.      On February 24, 2022 I served the following **documents** (specify):

        ☒The documents are listed in the Attachment to Proof of Service–Civil (Documents Served).

5.      I served the documents on the **person or persons** below, as follows:

   a.    Name of person served:

   b.    ☐  (*Complete if service was by personal service, mail, overnight, or messenger service.*)
         Business or residential address where person was served:

   c.    ☒ (*Complete if service was by fax or electronic service.*)
            (1) Fax number or electronic notification address where person was served:

            (2) Time of Service:

   ☐  The names, addresses, and other applicable information about the persons served is on the Attachment to Proof of Service—Civil
         (Persons Served).

6.  The documents were served by the following means (specify):

a.    ☐  **By personal service**. I personally delivered the documents to the persons at the addresses listed in item 5.  (1) For a party represented
         by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package
         clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office, between the hours of
         nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's
         residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

| CASE NAME: *Gabriela Cabrera v. City of West Covina, et al.* | CASE NUMBER: 21PSCV01003 |
|---|---|

6.b.  ☐  **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and (specify one):

(1)  ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2)  ☐  placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at (city and state): Solana Beach, California

c.  ☐  **By overnight delivery**. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d.  ☐  **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e.  ☐  **By fax transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f.  ☐  **By electronic service**. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:      February 24, 2022

| Janie Welle | /s/ Janie Welle |
|---|---|
| (TYPE OR PRINT NAME OF DECLARANT) | (SIGNATURE OF DECLARANT) |

*(If item 5d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

☐  **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on (date):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| (TYPE OR PRINT NAME OF DECLARANT) | (SIGNATURE OF DECLARANT) |
|---|---|

| CASE NAME: *Gabriela Cabrera v. City of West Covina, et al.* | CASE NUMBER: 21PSCV01003 |
|---|---|

**ATTACHMENT TO PROOF OF SERVICE - CIVIL (DOCUMENTS SERVED)**

**The documents that were served are as follows (describe each document specifically):**

| |
|---|
| **ANSWER OF DEFENDANT FOOTHILL TRANSIT TO PLAINTIFF'S VERIFIED COMPLAINT** |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |

| CASE NAME: *Gabriela Cabrera v. City of West Covina, et al.* | CASE NUMBER: 21PSCV01003 |
|---|---|

**ATTACHMENT TO PROOF OF SERVICE - CIVIL (PERSONS SERVED)**

**Name, Address, and Other Applicable Information About Persons Served:**

| *Name of Person Served*: | *Where Served*: *(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic notification address, as applicable.)* | *Time of Service*: *(Complete for service by fax transmission or electronic service.)* |
|---|---|---|
| Dayton Magallanes (Bar No. 240231) Law Offices of Dayton Magallanes Telephone: 310-779-2348 Email: DaytonMagallanes@Yahoo.com<br><br>Attorney for Plaintiff, Gabriela Cabrera | Dayton Magallanes, Esq. Law Offices of Dayton Magallanes 15786 Sophomore Ct. Moorpark, CA 93 021 | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |

# EXHIBIT "C"

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 240231 | FOR COURT USE ONLY |
|---|---|---|

NAME: Dayton Magallanes
FIRM NAME: Law Offices of Dayton Magallanes
STREET ADDRESS: 15786 Sophomore Ct
CITY: Moorpark          STATE: CA     ZIP CODE: 93021
TELEPHONE NO.: (310) 779-2348          FAX NO. :
E-MAIL ADDRESS: daytonmagallanes@yahoo.com
ATTORNEY FOR (Name): Gabriela Cabrera

**FILED**
Superior Court of California
County of Los Angeles

**02/04/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ L. Olmos _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 400 Civic Center Plaza
MAILING ADDRESS:
CITY AND ZIP CODE: Pomona 91766
BRANCH NAME: East District

Plaintiff/Petitioner: GABRIELA CABRERA

Defendant/Respondent: CITY OF WEST COVINA

| **REQUEST FOR DISMISSAL** | CASE NUMBER:<br>21PSCV01003 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a  class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice    (2) ☒ Without prejudice
   b. (1) ☐ Complaint    (2) ☐ Petition
      (3) ☐ Cross-complaint filed by (name):                          on (date):
      (4) ☐ Cross-complaint filed by (name):                          on (date):
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other (specify):* Defendant, City of West Covina only.

2. (Complete in all cases except family law cases.)
   The court ☒ did  ☐ did not  waive court fees and costs for a party in this case. (This information may be obtained from  the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: 2/1/22

Dayton Magallanes, Esq.

(TYPE OR PRINT NAME OF  ☒  ATTORNEY  ☐  PARTY WITHOUT ATTORNEY)          ▶ _____ (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross Complainant

3. TO THE CLERK:  Consent to the above dismissal is hereby given.**

Date:          ▶

(TYPE OR PRINT NAME OF  ☐  ATTORNEY  ☐  PARTY WITHOUT ATTORNEY)          (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross Complainant

---

(To be completed by clerk)

4. ☐ Dismissal entered as requested on (date):

5. ☑ Dismissal entered on (date): 02/04/2022          as to only (name): Ö^-^} åaą dZÕãᴄ A̧-ÅꞰ ^•oÓ[ çą aₐﬀ\ }|ˆ Ꞓ̃Á

6. ☐ Dismissal **not entered** as requested for the following reasons (specify):

7. a. ☑ Attorney or party without attorney notified on (date): 02/04/2022
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide<br>☐ a copy to be conformed ☐ means to return conformed copy

Sherri R. Carter, Executive Officer / Clerk of Court

Date: 02/04/2022          Clerk, by _____ L. Olmos _____, Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code,
§ 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

Electronically Received 02/04/2022 02:55 PM

Electronically FILED by Superior Court of California, County of Los Angeles on 03/18/2022 03:53:41 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Gaez, Deputy Clerk

Case 2:22-cv-01816 Document 1 Filed 03/18/22 Page 36 of 80 Page ID #:36

| Attorney or Party without Attorney:<br>DAYTON MAGALLANES, Bar #240231<br>15786 SOPHOMORE COURT<br>MOORPARK, CA 93021<br>Telephone No: 310-779-2348<br>Dayton@MagallanesLegal.com<br>Attorney for: Plaintiff | For Court Use Only |
|---|---|

Ref. No. or File No.:
10188 16179

Insert name of Court, and Judicial District and Branch Court:

Los Angeles County Superior Court-East District-Unlimited

Plaintiff: GABRIELA CABRERA

Defendant: CITY OF WEST COVINA, FOOTHILL TRANSIT AGENCY

| **PROOF OF SERVICE**<br>**SUMMONS AND COMPLAIN** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>21PSCV01003 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS AND COMPLAINT; NOTICE OF CASE ASSIGNMENT; ADR PACKAGE

3. a. *Party served:*
   b. *Person served:*

FOOTHILL TRANSIT AGENCY
JANE DOE RECEPTIONIST-REFUSED NAME, PERSON IN CHARGE,
Hispanic, Female, 30 Years Old, Black Hair, Brown Eyes, 140 Pounds

4. *Address where the party was served:*

100 S. VINCENT AVE
WEST COVINA, CA 91790

5. *I served the party:*
   b. **by substituted service.** On: Tue., Jan. 25, 2022 at: 10:13AM by leaving the copies with or in the presence of:
   JANE DOE RECEPTIONIST-REFUSED NAME, PERSON IN CHARGE
   (1) **(Business)** a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the
   person served. I informed him or her of the general nature of the papers.
   (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   *on behalf of:* FOOTHILL TRANSIT AGENCY
   *Other:* BUSINESS ORGANIZATION FORM UNKNOWN

*7. Person Who Served Papers:*                                           Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. GARY HANSEN C.C.P.S.                          d. *The Fee for Service was:* $ 60.00
   b. **COURT CONNECTION ATTORNEY SERVICES**        e. I am: (3) registered California process server
      P.O. BOX 90065                                   (i)    Owner
      CITY OF INDUSTRY, CA 91715-0065                  (ii)   *Registration No.:*    2988
   c. 626-483-7204                                     (iii)  *County:*              Los Angeles
                                                       (iv)   *Expiration Date:*     Mon, Sep. 12, 2022

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date:* Fri, Jan. 28, 2022

Judicial Council Form POS-010                PROOF OF SERVICE
Rule 2.150.(a)&(b) Rev January 1, 2007      SUMMONS AND COMPLAINT;              (GARY HANSEN C.C.P.S.)

day.84586

# EXHIBIT "D"

1  Dean Gazzo Roistacher LLP
2  Scott Noya, Esq. (SBN 137978)
   440 Stevens Avenue, Suite 100
   Solana Beach, CA  92075
3  Telephone:  (858) 380-4683
   Facsimile:  (858) 492-0486
4  E-mail: snoya@deangazzo.com

5

6  Attorneys for Defendant
   Foothill Transit
7  (erroneously sued as "Foothill Transit Agency")

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10  GABRIELA CABRERA,                    Case No.:

11              Plaintiff,               **NOTICE OF REMOVAL OF
                                         ACTION; UNDER 28 U.S.C. sec.**
12       v.                             **1441(a) (FEDERAL QUESTION)**

13  CITY OF WEST COVINA,                 Trial Date: None set
    FOOTHILL TRANSIT AGENCY,
14  and DOES 1-10, INCLUSIVE,

15              Defendants.

16

17  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

18       **PLEASE TAKE NOTICE** that defendant Foothill Transit (erroneously

19  sued as "Foothill Transit Agency") hereby removes to this Court the state court

20  action described below:

21       1.      On December 2, 2021, an action was commenced in the Superior

22  Court of the State of California in the County of Los Angeles, North County

23  District, entitled *Gabriela Cabrera v. City of West Covina, Foothill Transit*

24  *Agency, and Does 1-10, inclusive*, Case No. 21PSCV01003.  Attached hereto as

25  Exhibit "A" is the complaint.

26       2.      The first date upon which defendant Foothill Transit received a copy

27  of said complaint was January 25, 2022.  The proof of service submitted by

28  plaintiff is attached hereto as Exhibit "B."

                                    1

3.     This action alleges, as its First Cause of Action, violation of the Americans with Disabilities Act, Title II and 42 U.S.C. § 12131 *et seq.* against all defendants.  This action also includes as its Second Cause of Action a claim for violation of Section 504 of the Rehabilitation Act of 1973 pursuant to 29 U.S.C. § 794 against all defendants. This Court has original jurisdiction over such claims under 29 U.S.C. § 1331 and are claims which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(a), in that it arises under Title II of the ADA and 42 U.S.C. § 12131 *et seq*. and pursuant to 29 U.S.C. § 794.

4.     This action also includes as its Third Cause of Action a state claim for the violation of California Civil Code § 54 against all defendants. This cause of action is related to plaintiff's First and Second causes of action, such that they form part of the same case or controversy under Article III of the United States Constitution. This Court has supplemental jurisdiction over such claims under 28 U.S.C § 1367(a).

5.     The City of West Covina and Foothill Transit Agency (sic) are the only named defendants in the complaint.  Plaintiff has since filed a dismissal of the City of West Covina.  The dismissal without prejudice of defendant City of West Covina submitted by plaintiff, and entered by the state court on February 4, 2022, is attached hereto as Exhibit "C." Because defendant City of West Covina was not served and has now been dismissed from the state court action it has not been requested to consent to this removal.

6.     Attached as Exhibit "D" is a true and correct copy of the filed Answer of Defendant Foothill Transit Agency to plaintiff's Verified Complaint.

Dated: February 25, 2022                    Dean Gazzo Roistacher LLP

By: */s/ Scott Noya*

Scott Noya
Attorneys for Defendant
Foothill Transit (erroneously sued as
"Foothill Transit Agency")

# EXHIBIT 'A'

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF WEST COVINA, FOOTHILL TRANSIT AGENCY, AND DOES 1-10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GABRIELA CABRERA

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*) your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org) en el Centro de Ayuda de las Cortes de California,(www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Pomona Courthouse South

400 Civic Center Plaza, Pomona, CA 91766

**CASE NUMBER:**
*(Número del Caso):* 21PSCV01003

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dayton Magallanes (SBN 24023 ),11576 Sophomore Ct, Moorpark, CA 93021· (310) 779 2348

| DATE: *(Fecha)* 12/02/2021 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by | J. Gonzalez | , Deputy |
| --- | --- | --- | --- | --- |
| | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Foothill Transit Agency

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Unknown Business formatic

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Case 2:22-cv-00784 Document 1-1 Filed 02/24/22 Page 43 of 84 Page ID #:52
ictronically FILED by Superior Court of California, County of Los Angeles on 02/24/2022 08:36 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

<table>
<tr><td>1</td><td>Dayton Magallanes (Bar No. 240231)</td></tr>
</table>

1  Dayton Magallanes (Bar No. 240231)
   LAW OFFICES OF DAYTON MAGALLANES
2  15786 Sophomore Ct.
3  Moorpark, CA 93021
   Telephone: 310-779-2348
4  Email: DaytonMagallanes@Yahoo.com
5
   Attorney for Plaintiff,
6  Gabriela Cabrera
7
                    SUPERIOR COURT OF CALIFORNIA
8
          COUNTY OF LOS ANGELES, POMONA COURTHOUSE SOUTH
9
10  GABRIELA CABRERA,                    Case No. 21PSCV01003
11        Plaintiff,                     VERIFIED COMPLAINT FOR DAMAGES
                                         AND PERMANENT INJUNCTIVE RELIEF
12  v.                                   FOR VIOLATION OF:
13
    CITY OF WEST COVINA, FOOTHILL        1. Title II of the Americans with Disabilities
14  TRANSIT AGENCY, AND DOES 1-10,       Act, 42 U.S.C. §12131 et seq.;
    INCLUSIVE                            2. Section 504 of the Rehabilitation Act 29
15                                       U.S.C.
16        Defendants.                    § 794 et seq.; and
                                         3. California's Disabled Persons Act, Cal. Civ.
17                                       Code § 54
18
19                                       ACTION SUBJECT TO THE
                                         SUPPLEMENTAL FEE IN GOVERNMENT
20                                       CODE SECTION 70616.5
21       Plaintiff Gabriela Cabrera complains of Defendants City of West Covina, Foothill Transit

22  Agency; and Does 1-10 ("Defendants"), inclusive, allege the following:

23
                                    **INTRODUCTION**
24
25  1.   Plaintiff Gabriela Cabrera, an individual suffering from polio, and as a result thereof,

26       afflicted with physical disabilities, requires the use of a wheelchair wherever she goes ,

27       and brings the following action, alleging that Defendants City of West Covina ("City ")"

28
                                            1
    ─────────────────────────────────────────────────────────────
          Verified Complaint For Damages and Permanent Injunctive Relief

and Foothill Transit Agency ("FTA") have and continue to discriminate against her based on her disability and in violation of federal and state anti-discrimination statutes.

2. Specifically, Plaintiff alleges that Defendants have failed and/or refused to properly maintain, construct, or alter the bus stop on Valley near the intersection of Nogales ("Bus Stop") such that this stop is completely inaccessible to her as a wheelchair user.

3. Because of Defendants' failure to guarantee the accessibility of the bus stop, Plaintiff has been, and will continue to be, denied full and equal access to Defendants' services, programs, and activities, all to her detriment and damage.

4. Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to provide her "full and equal" access to the Bus Stop as required by law. Plaintiff also seeks damages and reasonable attorneys' fees, costs, and litigation expenses for enforcing her civil rights.

## LITIGATING PARTIES

5. Plaintiff resides in California with physical disabilities. She suffers with polio and cannot walk. She requires the use of a wheelchair for mobility wherever she goes because she is unable to stand or walk independent of assistance and requires a wheelchair for movement. Plaintiff is at all times relevant herein, a "qualified person with a disability" and a "physically disabled person," as those terms are defined under the ADA and its implementing regulations (42 U.S.C. § 12102; 28 C.F.R. § 35.104), Section 504 (29 U.S.C. § 794) and California law (Cal. Gov. Code § 12926).

6. Defendants City of Jurupa Valley and Riverside Transit are at all times relevant to herein, political subdivisions of the State of California.

7. Plaintiff is informed and believes that each of the Defendants herein, including Does 1-10, inclusive, is accountable in some capacity for the events alleged herein or is a

2

necessary party for obtaining proper relief. Plaintiff may seek leave to amend if and when the true names, capacities, connections, or responsibilities of the Defendants and Does 1 through 10, inclusive, are determined.

8. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venture, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission, or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## COURT JURISDICTION

9. Does 1-10 are sued pursuant to Code of Civil Procedure section 474.

## ALLEGED FACTS

10. Plaintiff resides in the City of West Covina.

11. Plaintiff requires use of a wheelchair to get around.

12. Plaintiff does not drive and uses public transportation to travel around the community

13. Plaintiff was traveling towards Cal Poly Pomona and needed to use the bus

14. Plaintiff uses bus number 194 to head to her intended destination.

15. Plaintiff was in the geographic area of the Defendant's public accommodation because he lives nearby.

3

Verified Complaint For Damages and Permanent Injunctive Relief

16. This complaint is filed on behalf of a high frequency litigant. For the pertinent statutory period, 35 construction related accessibility claims have been filed.

17. Bus number 194 stops at the Bus Stop to drop off and pick up bus riders, including Plaintiff, at the location of Valley Blvd. and Nogales Street.

18. On information and belief, at all times relevant herein, the City owned, controlled, maintained, and exercised dominion over the Bus Stop.

19. On information and belief, at all times relevant herein, FTA owned, controlled, maintained, and exercised dominion over the Bus Stop.

20. The bus stop lacks an accessible boarding and unloading area. The features that make the Bus Stop inaccessible to wheelchair users include:

    a. The boarding and unloading area lacks appropriate sidewalk width due to placement of a chain link fence, bus bench, and trash can, to allow Plaintiff to board bus when the bus ramp is engaged due to the aforementioned barriers, thereby precluding Plaintiff from boarding or accessing the bus stop from her seated wheelchair position;

    b. The nearby surrounding "pathway" areas consist of dirt and gravel that are neither level nor stable for Plaintiff to traverse to another bus stop half a mile away in her wheelchair, thereby leaving her with the alternative of waiting for the bus in the middle of the street and in the line of vehicular traffic or traversing in her wheelchair to the nearest available bus stop.

21. On or about the date of August 16, 2021, Plaintiff intended to use the bus stop to head towards Cal Poly Pomona, by using bus number 194 but was unable to use this bus stop

4

Verified Complaint For Damages and Permanent Injunctive Relief

due to the aforementioned barriers. Plaintiff intended to use the bus but was forced to make alternate arrangements due to the extreme distance and difficulty Plaintiff would have had in traversing this bus stop in her manual wheelchair.

22. Plaintiff's difficult experiences using the Bus Stop have caused her difficulty, discomfort, embarrassment, and frustration.

23. Plaintiff filed a claim form with the City of West Covina on or about September 10, 2021, mailing it via certified mail. Plaintiff also filed a claim form with Foothill Transit Agency on or about October 22, 2021, also mailing it via certified mail.

24. Plaintiff contends that Defendants have failed to ensure the accessibility of the Bus Stop, and in so doing have failed to guarantee her equal access to and use of the services, activities, and programs they provide to the public by and through the Bus Stop, violating Federal and State law.

25. Based on information and belief the Bus Stop has undergone construction and/or alteration since January 1, 1982, triggering applicable California accessibility standards, California Code of Regulation, Title 24. On this basis, Plaintiff alleges that Defendants have failed to comply with these standards by failing to provide an accessible bus boarding and unloading area at the Bus Stop.

26. Based on information and belief, the Bus Stop has undergone construction and/or alteration since January 1, 1992, triggering applicable ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. D. On this basis, Plaintiff alleges that Defendants have failed to comply with these standards by failing to provide an accessible bus boarding and unloading area at the Bus Stop.

5

27.  Plaintiff intends to use the Bus Stop to travel in the future, and would like to do so self-sufficiently and without encountering the above- described accessibility barriers.

28.  Until said barriers to the accessibility of the Bus Stop are removed, and Defendants' unlawful and discriminatory policies and practices regarding the construction, alteration, and/or maintenance of bus stops are changed, Plaintiff will continue to be denied full and equal access to Defendants' activities, programs, and services, and will suffer continued discrimination and damages as a result.

29.  The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff, that is incalculable in monetary remedies. Plaintiff has no adequate remedy at law because monetary damages, will not provide adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of her civil rights as alleged herein. Accordingly, Plaintiff is entitled to injunctive relief.

## GOVERNMENT CLAIM FILED

### *(As to claims for damages under California State Law)*

30.  Plaintiff timely filed a claim pursuant to § 910 et seq. of the California Government Code with the City on or about September 10, 2021. This claim was rejected by the City of West Covina by operation of law on October 25, 2021.

31.  Plaintiff timely filed a claim pursuant to § 910 et seq. of the California Government Code with FTA on or about October 22, 2021. This claim was rejected by RTA by operation of action on or about November 15, 2021.

Verified Complaint For Damages and Permanent Injunctive Relief

# FIRST CAUSE OF ACTION

## Title II of the Americans with Disabilities Act

### 42 U.S.C. § 12131 *et seq.*

32. Each of the foregoing paragraphs is incorporated herein by reference.

33. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

34. Defendants have at all times mentioned herein been public entities within the meaning of Title II of the ADA.

35. Bus stops are a program, service, and/or activity Defendants offer to the public at large.

36. At all times relevant herein Plaintiff was qualified to use the Bus Stop, and met the essential eligibility requirements for use of the Bus Stop.

37. Defendants' acts and omissions alleged herein have denied Plaintiff the benefits and uses of the Bus Stop, in violation of Title II and its implementing regulations. The Defendants' discriminatory conduct includes, *inter alia*:

   a. Failing to design, construct, and/or alter the Bus Stop in a manner such that it is readily accessible to and usable by individuals with disabilities, when the construction/alteration was commenced after January 26, 1992 (28 C.F.R. § 35.151);

   b. Failing to operate the Bus Stop so that it is "readily accessible to and usable by individuals with disabilities." (28 C.F.R. § 35.150(a));

7

c. Denying Plaintiff the opportunity to participate in or benefit from the aids, amenities, or services offered by Defendants to the public, on the basis of her disabilities (28 C.F.R. § 35.130(b)(1)(ii));

d. Providing Plaintiff opportunity to participate in or benefit from the aids, amenities, or services offered by Defendants to members of the public that is not equal to that afforded her ambulatory peers (28 C.F.R. § 35.130(b)(1)(ii));

e. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, benefit, or opportunity enjoyed by others receiving the aids, amenities, or services offered by Defendants to members of the public (28 C.F.R. § 35.130(b)(1)(vii));

f. Employing methods of administration that effectively subject Plaintiff to discrimination due to her disability (28 C.F.R. § 35.130(b)(3)(i)); and

g. Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of her disability (28 C.F.R. § 35.130(b)(7)).

38. Title II requires public entities to remove physical barriers that limit or deny access to a public entity's programs, services, and activities under the ADA by no later than January 26, 1995. 28 C.F.R. § 35.150(c). Since enactment of the ADA, and every year thereafter, Defendants' have failed to take appropriate measures to remove such barriers to the Bus Stop, in violation of the ADA.

39. Defendants' duties under the ADA are mandatory and long recognized. Defendants are assumed to have had knowledge of their duties at all relevant times herein, their failure to carry out these duties as alleged herein was willful and knowing and/or the product of intentional and willful indifference.

40. Pursuant to 42 U.S.C. § 12133 and 12205, Plaintiff prays for judgment as set forth below.

8

Verified Complaint For Damages and Permanent Injunctive Relief

## SECOND CAUSE OF ACTION
### Section 504 of the Rehabilitation Act of 1973 - 29 U.S.C. § 794

41.  Plaintiff incorporates by reference each of the foregoing paragraphs.

42.  Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States...shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a). See also 28 C.F.R. Part 42, Subpart G.

43.  Defendants receive "federal financial assistance" in the form of federal grants and loans.

44.  Defendants' acts and omissions as herein alleged have excluded and/or denied plaintiff the benefit of and/or participation in the programs and activities offered by Defendants to members of the public, in violation of Section 504 and its implementing regulations.

45.  Defendants' duties under Section 504 are mandatory and long recognized. Defendants are assumed to have had knowledge of their duties at all relevant times herein, their failure to carry out these duties as alleged herein was willful and knowing and/or the product of intentional and willful indifference.

46.  Plaintiff prays for judgment as set forth below Pursuant to 29 U.S.C. § 794(a).


## THIRD CAUSE OF ACTION
### California Disabled Persons Act - California Civil Code § 54
### *Statute Ilama & and attorn @ es onl y)*

47.  Each of the foregoing paragraphs is incorporated herein by reference.

48.  The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the

9

streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places..."

Cal. Civ. Code § 54(a).

49. Described herein, Defendants' acts and/or omissions violate the rights of Plaintiff under the CDPA. Defendants failed to ensure that facilities constructed or altered after December 1981 conformed to the standards contained in California Code of Regulations, Title 24, amongst other things as alleged herein.

50. Defendants have also violated the CDPA by violating the ADA. See Cal. Civ. Code § 54(c).

51. Defendants' duties under the CDPA are mandatory and long recognized. Defendants are assumed to have had knowledge of their duties at all relevant times herein, their failure to carry out these duties as alleged herein was willful and knowing and/or the product of intentional and willful indifference.

52. Plaintiff prays for statutory damages and attorney's fees under Cal. Civ. Code § 54.3(a), pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a).

*Note: Plaintiff is not seeking injunctive relief under the CDPA nor invoking section 55 of the California Civil Code.*

## PRAYER

Plaintiff prays that this Court:

1. Issue an injunction pursuant to the ADA and Section 504, ordering Defendants to:

10

a. Take the requisite steps in bringing the Bus Stop into compliance with applicable federal and state accessibility standards and make it fully and equally available to individuals with mobility disabilities;

b. Modify their respective policies to ensure compliance with new construction and alteration standards and program accessibility obligations.

*Note: Plaintiff is not seeking injunctive relief under the CDPA, nor invoking section 55 of the California Civil Code.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this Court;

3. Award Plaintiff reasonable attorneys' fees, litigation expenses, and costs as provided by law; and

4. Award all other relief as the Court may deem proper.

Dated: 12/1/2021

LAW OFFICES OF DAYTON MAGALLANES

By: _____

Dayton Magallanes
Attorney for Plaintiff,
Gabriela Cabrera

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Dated: 12/1/2021

_____
Gabriela Cabrera

11

Verified Complaint For Damages and Permanent Injunctive Relief

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Pomona Courthouse South<br>400 Civic Center Plaza, Pomona, CA 91766 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/02/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Gonzalez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21PSCV01003 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Peter A. Hernandez | O | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 12/02/2021
   (Date)

By J. Gonzalez _____ , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# Superior Court of California, County of Los Angeles

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR
1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   #### Mediation may be appropriate when the parties
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.
   #### Mediation may not be appropriate when the parties
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# EXHIBIT 'B'

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| DAYTON MAGALLANES, Bar #240231 | | | | |

DAYTON MAGALLANES, Bar #240231
15786 SOPHOMORE COURT
MOORPARK, CA 93021
*Telephone No:* 310-779-2348
Dayton@MagallanesLegal.com     *Ref. No. or File No.:* 10188 16189
*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
Los Angeles County Superior Court-East District-Unlimited

*Plaintiff:* GABRIELA CABRERA
*Defendant:* CITY OF WEST COVINA, FOOTHILL TRANSIT AGENCY

| **PROOF OF SERVICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* |
|---|---|---|---|---|
| **SUMMONS AND COMPLAIN** | | | | 21PSCV01003 |

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS AND COMPLAINT; NOTICE OF CASE ASSIGNMENT; ADR PACKAGE

*3. a. Party served:*                 FOOTHILL TRANSIT AGENCY
    *b. Person served:*           JANE DOE RECEPTIONIST-REFUSED NAME, PERSON IN CHARGE,
                                      Hispanic, Female, 30 Years Old, Black Hair, Brown Eyes, 140 Pounds

*4. Address where the party was served:*     100 S. VINCENT AVE
                                           WEST COVINA, CA 91790

*5. I served the party:*
    b. **by substituted service.** On: Tue., Jan. 25, 2022 at: 10:13AM by leaving the copies with or in the presence of:
                                         JANE DOE RECEPTIONIST-REFUSED NAME, PERSON IN CHARGE
    (1) **(Business)** a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the
         person served. I informed him or her of the general nature of the papers.
    (4) A declaration of mailing is attached.

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
    *on behalf of:* FOOTHILL TRANSIT AGENCY
    *Other:* BUSINESS ORGANIZATION FORM UNKNOWN

**7. Person Who Served Papers:**                            Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. GARY HANSEN C.C.P.S.               d. ***The Fee*** *for Service was:* $ 60 . 00
    **b. COURT CONNECTION ATTORNEY SERVICES**    e. I am: (3) registered California process server
        P.O. BOX 90065                                *(i)* Owner
        CITY OF INDUSTRY, CA 91715-0065             *(ii) Registration No.:*     2988
        c. 626-483-7204                                 *(iii) County:*           Los Angeles
                                          *(iv) Expiration Date:*    Mon, Sep. 12, 2022

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date: Fri, Jan. 28, 2022*

Judicial Council Form POS-010                  PROOF OF SERVICE              (GARY HANSEN C.C.P.S.)      *day.84586*
Rule 2.150.(a)&(b) Rev January 1, 2007       SUMMONS AND COMPLAINT;

# EXHIBIT 'C'

**CIV-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>NAME: Dayton Magallanes<br>FIRM NAME: Law Offices of Dayton Magallanes<br>STREET ADDRESS: 15786 Sophomore Ct<br>CITY: Moorpark    STATE: CA    ZIP CODE: 93021<br>TELEPHONE NO.: (310) 779-2348    FAX NO.:<br>E-MAIL ADDRESS: daytonmagallanes@yahoo.com<br>ATTORNEY FOR *(Name)*: Gabriela Cabrera    STATE BAR NO: 240231 | **FOR COURT USE ONLY**<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>02/04/2022<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ L. Olmos _____ Deputy |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 400 Civic Center Plaza<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Pomona 91766<br>BRANCH NAME: East District |

| |
|---|
| Plaintiff/Petitioner: GABRIELA CABRERA<br>Defendant/Respondent: CITY OF WEST COVINA |

| | |
|---|---|
| **REQUEST FOR DISMISSAL** | CASE NUMBER:<br>21PSCV01003 |

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   - a. (1) ☐ With prejudice    (2) ☒ Without prejudice
   - b. (1) ☐ Complaint    (2) ☐ Petition
   - (3) ☐ Cross-complaint filed by *(name)*:    on *(date)*:
   - (4) ☐ Cross-complaint filed by *(name)*:    on *(date)*:
   - (5) ☐ Entire action of all parties and all causes of action
   - (6) ☒ Other *(specify)*:* Defendant, City of West Covina only.

2. *(Complete in all cases except family law cases.)*
   The court ☒ did    ☐ did not  waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: 2/1/22

Dayton Magallanes, Esq.

(TYPE OR PRINT NAME OF   ☒ ATTORNEY   ☐ PARTY WITHOUT ATTORNEY)

_____ (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF   ☐ ATTORNEY   ☐ PARTY WITHOUT ATTORNEY)

_____ (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross Complainant

*(To be completed by clerk)*

4. ☐ Dismissal entered as requested on *(date)*:

5. ☒ Dismissal entered on *(date)*: 02/04/2022   as to only *(name)*: [illegible]

6. ☐ Dismissal **not entered** as requested for the following reasons *(specify)*:

7. a. ☒ Attorney or party without attorney notified on *(date)*: 02/04/2022
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
   ☐ a copy to be conformed    ☐ means to return conformed copy

Date: 02/04/2022    Clerk, by _____ L. Olmos _____, Deputy

Sherri R. Carter, Executive Officer / Clerk of Court

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code,<br>§ 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov

Electronically Received 02/04/2022 02:55 PM

| *Attorney or Party without Attorney:*<br>DAYTON MAGALLANES, Bar #240231<br>15786 SOPHOMORE COURT<br>MOORPARK, CA 93021<br>*Telephone No:* 310-779-2348<br>Dayton@MagallanesLegal.com<br>*Attorney for:* Plaintiff | | *For Court Use Only* |
|---|---|---|
| | *Ref. No. or File No.:*<br>10188  16189 | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>Los Angeles County Superior Court-East District-Unlimited | | |
| *Plaintiff:* GABRIELA CABRERA | | |
| *Defendant:* CITY OF WEST COVINA, FOOTHILL TRANSIT AGENCY | | |

| **PROOF OF SERVICE**<br>**SUMMONS AND COMPLAIN** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>21PSCV01003 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS AND COMPLAINT; NOTICE OF CASE ASSIGNMENT; ADR PACKAGE

*3. a. Party served:*        FOOTHILL TRANSIT AGENCY
  *b. Person served:*      JANE DOE RECEPTIONIST-REFUSED NAME, PERSON IN CHARGE,
                               Hispanic, Female, 30 Years Old, Black Hair, Brown Eyes, 140 Pounds

*4. Address where the party was served:*      100 S. VINCENT AVE
                                           WEST COVINA, CA 91790

*5. I served the party:*
  b. **by substituted service.** On: Tue., Jan. 25, 2022 at: 10:13AM by leaving the copies with or in the presence of:
                                 JANE DOE RECEPTIONIST-REFUSED NAME, PERSON IN CHARGE
  (1) **(Business)** a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the
      person served. I informed him or her of the general nature of the papers.
  (4) A declaration of mailing is attached.

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
  *on behalf of:* FOOTHILL TRANSIT AGENCY
  *Other:* BUSINESS ORGANIZATION FORM UNKNOWN

*7. Person Who Served Papers:*
  a. GARY HANSEN C.C.P.S.
  b. **COURT CONNECTION ATTORNEY SERVICES**
     P.O. BOX 90065
     CITY OF INDUSTRY, CA 91715-0065
  c. 626-483-7204

Recoverable Cost Per CCP 1033.5(a)(4)(B)
d. ***The Fee for Service was:*** $60.00
e. I am: (3) registered California process server
    *(i)* Owner
    *(ii) Registration No.:*    2988
    *(iii) County:*    Los Angeles
    *(iv) Expiration Date:*    Mon, Sep. 12, 2022

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

  *Date: Fri, Jan. 28, 2022*

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMONS AND COMPLAINT;

(GARY HANSEN C.C.P.S.)

*day.84586*

# EXHIBIT 'D'

Electronically FILED by Superior Court of California, County of Los Angeles on 02/24/2022 03:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez,Deputy Clerk

Dean Gazzo Roistacher LLP
Scott Noya, Esq. (SBN 137978)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail: snoya@deangazzo.com

Attorneys for Defendant
Foothill Transit
(erroneously sued as "Foothill Transit Agency")

**Exempt from fees per**
**Gov. Code Section 6103**

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, POMONA COURTHOUSE SOUTH

| | |
|---|---|
| GABRIELA CABRERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF WEST COVINA, FOOTHILL TRANSIT AGENCY, and DOES 1-10, INCLUSIVE,<br><br>　　　　　Defendants. | Case No.: 21PSCV01003<br><br>**ANSWER OF DEFENDANT FOOTHILL TRANSIT TO PLAINTIFF'S VERIFIED COMPLAINT**<br><br>Dept:　　O<br>Judge:　　Hon. Peter A. Hernandez<br><br>Complaint Filed: December 2, 2021<br>Trial Date: None set |

Defendant Foothill Transit ("Defendant") answers plaintiff's Complaint ("Complaint") as follows:

**1.**

1. Answering Paragraph 1: Deny the allegations regarding the City of West Covina as the location of the subject matter referred to in the complaint. Deny the allegations regarding the Defendant Foothill Transit discriminating against plaintiff or any violation of state law. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny and on that basis denies them.

2. Answering Paragraph 2: Defendant denies the subject bus stop is inaccessible, and denies any obligation, or failure, to maintain the bus stop which is the right of way of another public entity. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

3.     Answering Paragraph 3: Defendant denies the subject bus stop is inaccessible, and denies any obligation, or failure, to maintain the bus stop which is the right of way of another public entity. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

4.     Answering Paragraph 4: To the extent this paragraph contains factual allegations requiring an affirmative response, the allegations do not pertain to this Defendant and thus require no affirmative response by the Defendant. Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

5.     Answering Paragraph 5: Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

6.     Answering Paragraph 6: Defendant admits the identified agencies are public entities, but denies those entities have any connection to the subject of this action.

7.     Answering Paragraph 7: To the extent this paragraph contains factual allegations requiring an affirmative response, the allegations do not pertain to this Defendant and thus require no affirmative response by the Defendant. Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

8.     Answering Paragraph 8: To the extent this paragraph contains factual allegations requiring an affirmative response, the allegations do not pertain to this Defendant and thus require no affirmative response by the Defendant. Defendant denies any other party is an agent for this answering Defendant. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

9.     Answering Paragraph 9: To the extent this paragraph contains factual allegations requiring an affirmative response, the allegations do not pertain to this Defendant and thus require no affirmative response by the Defendant.

10.    Answering Paragraphs 10-16: Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

///

///

11.     Answering Paragraph 17: Defendant admits bus route 194 stops at Nogales Street and Valley Blvd. As to the remaining allegations, Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

12.     Answering Paragraph 18: Defendant admits City of Industry (not a named defendant) owns and controls the right of way where the referenced bus stop is located.

13.     Answering Paragraph 19: Defendant denies that it owns and/or controls and/or exercises dominion over the bus stop and/or the right of way where the referenced bus stop is located.

14.     Answering Paragraph 20-22: Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

15.     Answering Paragraph 23: As to the first sentence, Defendant lacks sufficient information or belief to admit or deny and on that basis denies. As to the remaining allegations, Defendant admits plaintiff filed an ADA complaint pursuant to the ADA law, but denies that plaintiff submitted a claim pursuant to the Government Claims Act.

16.     Answering Paragraph 24: Defendant denies that it failed to guarantee equal access with respect to the bus stop, denies that it has responsibility as a fixed route bus service provider to guarantee accessibility of right of way owned by other public agencies, and as to the remaining allegations lacks sufficient information or belief to admit or deny and on that basis denies.

17.     Answering Paragraphs 25-28: Defendant denies that it has responsibility as a fixed route bus service provider to guarantee accessibility of right of way owned by other public agencies, and as to the remaining allegations lacks sufficient information or belief to admit or deny and on that basis denies.

18.     Answering Paragraph 29: Defendant denies that it has discriminated against plaintiff or committed any violation, and denies it has responsibility as a fixed route bus service provider to guarantee accessibility of right of way owned by other public agencies, and as to the remaining allegations lacks sufficient information or belief to admit or deny and on that basis denies.

19.     Answering Paragraph 30: Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

20.     Answering Paragraph 31: Defendant denies that plaintiff timely submitted a claim pursuant to the Government Claims Act, or that a timely claim was denied.

21.     Answering Paragraph 32: To the extent this paragraph contains factual allegations requiring an affirmative response, the allegations do not pertain to this Defendant and thus require no affirmative response by the Defendant. Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

22.     Answering Paragraph 33: Admit.

23.     Answering Paragraph 34: Admit answering defendant is a public entity; as to remaining allegations, deny that as a fixed route bus service provider that all sections of ADA apply to this answering defendant and on that basis denies.

24.     Answering Paragraph 35: Admit fixed route bus service is available to the public but deny that this answering defendant owns and/or controls the bus stop.

25.     Answering Paragraph 36: Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

26.     Answering Paragraph 37: Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

27.     Answering Paragraph 38: Admit the cited code sections provide legal regulations pertinent to ADA law. As to the remaining allegations Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

28.     Answering Paragraph 39: Defendant lacks sufficient information or belief to admit or deny the allegations as to other defendants and on that basis denies. As to this answering defendant, the allegations are denied.

29.     Answering Paragraphs 40-41: To the extent this paragraph contains factual allegations requiring an affirmative response, the allegations do not pertain to this Defendant and thus require no affirmative response by the Defendant. Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

Answer of Defendant Foothill Transit to Plaintiff's Complaint

30.     Answering Paragraph 42: Admit the cited code sections provide legal regulations pertinent to ADA law.

31.     Answering Paragraph 43: Admit.

32.     Answering Paragraphs 44-45: Defendant lacks sufficient information or belief to admit or deny the allegations as to other defendants and on that basis denies. As to this answering defendant, the allegations are denied

33.     Answering Paragraph 46: To the extent this paragraph contains factual allegations requiring an affirmative response, the allegations do not pertain to this Defendant and thus require no affirmative response by the Defendant. Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

34.     Answering Paragraph 47: To the extent this paragraph contains factual allegations requiring an affirmative response, the allegations do not pertain to this Defendant and thus require no affirmative response by the Defendant. Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

35.     Answering Paragraph 48: Admit the cited code sections provide legal regulations pertinent to ADA law. As to the remaining allegations Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

36.     Answering Paragraph 49: Defendant lacks sufficient information or belief to admit or deny the allegations as to other defendants and on that basis denies. As to this answering defendant, the allegations are denied.

37.     Answering Paragraphs 50-51: Defendant lacks sufficient information or belief to admit or deny the allegations as to other defendants and on that basis denies. As to this answering defendant, the allegations are denied.

38.     Answering Paragraph 52: To the extent this paragraph contains factual allegations requiring an affirmative response, the allegations do not pertain to this Defendant and thus require no affirmative response by the Defendant. Defendant lacks sufficient information or belief to admit or deny and on that basis denies.

///

**2.**

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Answering defendant is informed and believes that if it is held responsible for the injuries and damages to plaintiffs, if any, plaintiffs were at fault and any award to plaintiffs must be reduced in proportion to the fault attributed to them.

### THIRD AFFIRMATIVE DEFENSE

Answering defendant is informed and believes that the damages suffered by plaintiff, if any, were the actual and proximate result of the acts and/or omissions of others over which this answering defendant exercises no control and answering defendant's liability, if any, is limited in direct proposition to that percentage of fault actually attributed to answering defendant.

### FOURTH AFFIRMATIVE DEFENSE

Answering defendant is informed and believes that plaintiff is barred from pursuing money damages under certain state law causes of action based on the failure to comply with the claims requirements of the California Government Code.

### FIFTH AFFIRMATIVE DEFENSE

Answering defendant is informed and believes that plaintiffs' claims for damages are, in part, barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Answering defendant is informed and believes that plaintiff failed to mitigate her damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

Answering defendant is informed and believes that it is not liable for any alleged inadequacy of the dimensions of the wheelchair landing area described in the plaintiff's complaint.  That is because this answering defendant has no control over the right of way or the public entity right of way owner's construction specifications, and the complaint does not expressly allege this answering defendant has any such control or authority.

See below excerpts from the ADA Standards: https://www.access-board.gov/files/ada/ADA-Standards.pdf

Figure 810.2.2 Dimensions of Bus Boarding and Alighting Areas:

Note to Reader: The Department of Transportation's ADA standards indicate that compliance is required to the extent construction specifications are within a public entity's control:

810.2.2 Dimensions. Bus boarding and alighting areas shall provide a clear length of 96 inches (2440 mm), measured perpendicular to the curb or vehicle roadway edge, and a clear width of 60 inches (1525 mm), measured parallel to the vehicle roadway. Public entities shall ensure that the construction of bus boarding and alighting areas comply with 810.2.2, to the extent the construction specifications are within their control.

Because answering defendant lacks control over the public entity right of way owner's construction specifications, this answering defendant is not required to comply with the standards of section 810.2.2, and no ADA violation can be stated against this answering for any alleged inadequacy of the wheelchair landing area which is under control of the City of Industry.

**EIGHTH AFFIRMATIVE DEFENSE**

Answering defendant is informed and believes that it is immune from liability for state law claims under Government Code section 815.2, 818.2, 818.8, 820.2, 820.4, 820.8, 821, 821.6, 822.2, and 845.8.

**NINTH AFFIRMATIVE DEFENSE**

Answering defendant alleges that pursuant to Appendix E to Part 37 (reasonable modification), the Department of Transportation final rule provides stopping a bus a short distance from a bus stop sign to allow a wheelchair user to avoid an obstacle to boarding using a lift is reasonable and is not a violation of the ADA standards, and therefore this answering defendant is not liable in this matter and injunctive relief is unavailable.

**TENTH AFFIRMATIVE DEFENSE**

Answering defendant alleges that plaintiffs' rights, privileges, and immunities secured under the ADA Standards and/or laws of the United States, have not been violated by any alleged conduct of this answering defendant.

*///*

## ELEVENTH AFFIRMATIVE DEFENSE

At the time and place referenced in the Complaint, and before such event, plaintiffs knew, appreciated and understood each and every risk involved in placing themselves in the position when they willingly and voluntarily assumed each of said risks, including, but not limited to, the risk of suffering deprivation of ADA right(s).

## TWELFTH AFFIRMATIVE DEFENSE

Answering defendant alleges that plaintiffs' Complaint fails to state facts sufficient to set forth a claim for injunctive relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering defendant alleges that plaintiffs' claims are barred by the equitable doctrines of estoppel, laches, and unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Answering defendant currently has insufficient knowledge or information upon which to determine whether additional affirmative defenses may be available to it which has not yet been asserted in this answer, and therefore reserves the right to assert additional affirmative defenses upon subsequent discovery, investigation, and analysis.

**WHEREFORE**, defendant prays as follows:

1.    That plaintiff take nothing by her Complaint;

2.    That defendant be awarded its costs of suit;

3.    For such further relief as the court deems proper; and

4.    That the sole liability of this defendant, if any, be limited in proportion to the degree of fault attributable to this answering defendant.

Dated: February 24, 2022                              Dean Gazzo Roistacher LLP


By: _/s/ Scott Noya_
Scott Noya
Attorneys for Defendant
Foothill Transit (erroneously sued as "Foothill Transit Agency")

Electronically FILED by Superior Court of California, County of Los Angeles on 02/24/2022 03:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez, Deputy Clerk

| ATTORNEY or party without attorney (Name, state bar number, and address): <br> Dean Gazzo Roistacher LLP <br> Scott Noya, Esq. (SBN 137978) <br> 440 Stevens Avenue, #100 <br> Solana Beach, CA 92075 <br> Telephone No. (858) 380-4683     Facsimile No. (858) 492-0486 <br> ATTORNEY FOR Defendant Foothill Transit | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** <br> Street Address:     400 Civic Center Plaza <br> Mailing Address:     400 Civic Center Plaza <br> City and Zip Code:     Pomona, CA 91766 <br> Branch Name:     Pomona Courthouse South | |

| **PLAINTIFF(S)/PETITIONER(S)**   Gabriela Cabrera | CASE NUMBER: <br> 21PSCV01003 |
|---|---|
| **DEFENDANT(S)/RESPONDENT(S)**     City of West Covina, et al. | |

| **PROOF OF SERVICE—CIVIL** <br> Check method of service (only one): <br> ☐ By Personal Service   ☐ By Mail     ☐ By Messenger Service <br> ☐ By Facsimile     ☐ By Overnight Delivery   ☒ By E-Mail/Electronic Transmission | JUDGE: Peter A. Hernandez <br> DEPT: O _____ |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint)*

1.     At the time of service I was over 18 years of age and **not a party to this action**.

2.     My address is (specify one):
    a.   ☒   Business:                      b.   ☐   Residence:

        **440 Stevens Avenue, Suite 100, Solana Beach, CA 92075**

3.     The fax number or electronic address from which I served the documents is (*complete if service was by fax or electronic service*):
jwelle@deangazzo.com

4.     On February 24, 2022 I served the following **documents** (specify):

        ☒ The documents are listed in the Attachment to Proof of Service–Civil (Documents Served).

5.     I served the documents on the **person or persons** below, as follows:

    a.     Name of person served:

    b.   ☐   (*Complete if service was by personal service, mail, overnight, or messenger service.*)
        Business or residential address where person was served:

    c.   ☒   (*Complete if service was by fax or electronic service.*)
        (1) Fax number or electronic notification address where person was served:

        (2) Time of Service:

    ☐   The names, addresses, and other applicable information about the persons served is on the Attachment to Proof of Service—Civil (Persons Served).

6.     The documents were served by the following means (specify):

a.   ☐   **By personal service**. I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

| CASE NAME: *Gabriela Cabrera v. City of West Covina, et al.* | CASE NUMBER: 21PSCV01003 |
|---|---|

6.b.  ☐  **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and (specify one):

(1)  ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2)  ☐  placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at (city and state): <u>Solana Beach, California</u>

c.  ☐  **By overnight delivery**. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d.  ☐  **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e.  ☐  **By fax transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f.  ☐  **By electronic service**. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:      February 24, 2022

<u>     Janie Welle                              </u>                          <u>     /s/ Janie Welle                              </u>
(TYPE OR PRINT NAME OF DECLARANT)                          (SIGNATURE OF DECLARANT)

*(If item 5d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

☐  **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on (date):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

<u>                                                                </u>                          <u>                                                                </u>
(TYPE OR PRINT NAME OF DECLARANT)                          (SIGNATURE OF DECLARANT)

**ATTACHMENT TO PROOF OF SERVICE—CIVIL**
(Proof of Service)

| CASE NAME: *Gabriela Cabrera v. City of West Covina, et al.* | CASE NUMBER: 21PSCV01003 |

**ATTACHMENT TO PROOF OF SERVICE - CIVIL (DOCUMENTS SERVED)**

**The documents that were served are as follows (describe each document specifically):**

**ANSWER OF DEFENDANT FOOTHILL TRANSIT TO PLAINTIFF'S VERIFIED COMPLAINT**

| CASE NAME: *Gabriela Cabrera v. City of West Covina, et al.* | CASE NUMBER: 21PSCV01003 |
|---|---|

**ATTACHMENT TO PROOF OF SERVICE - CIVIL (PERSONS SERVED)**

**Name, Address, and Other Applicable Information About Persons Served:**

| *Name of Person Served*: | *Where Served*: *(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic notification address, as applicable.)* | *Time of Service*: *(Complete for service by fax transmission or electronic service.)* |
|---|---|---|
| Dayton Magallanes (Bar No. 240231) Law Offices of Dayton Magallanes Telephone: 310-779-2348 Email: DaytonMagallanes@Yahoo.com  Attorney for Plaintiff, Gabriela Cabrera | Dayton Magallanes, Esq. Law Offices of Dayton Magallanes 15786 Sophomore Ct. Moorpark, CA 93 021 | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |

**ATTACHMENT TO PROOF OF SERVICE—CIVIL**
(Proof of Service)

# EXHIBIT "E"

1  Dean Gazzo Roistacher LLP
   Scott Noya, Esq. (SBN 137978)
2  440 Stevens Avenue, Suite 100
   Solana Beach, CA  92075
3  Telephone:  (858) 380-4683
   Facsimile:  (858) 492-0486
4  E-mail: snoya@deangazzo.com

5

6  Attorneys for Defendant
   Foothill Transit
7  (erroneously sued as "Foothill Transit Agency")

8                **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10 GABRIELA CABRERA,                  | Case No.:

11           Plaintiff,               | **DECLARATION OF SCOTT NOYA**

12      v.

13 CITY OF WEST COVINA,
   FOOTHILL TRANSIT AGENCY,
14 and DOES 1-10, INCLUSIVE,

15           Defendants.

16

17    1.  I, Scott Noya, declare:

18    2.  I am Of Counsel with the law firm of Dean Gazzo Roistacher LLP, and am

19 an attorney for public agency Foothill Transit, named as a defendant in plaintiff's

20 Verified Complaint.

21    3.  The first date upon which defendant Foothill Transit received a copy of the

22 complaint was January 25, 2022.

23    4.  The case was timely removed to federal court on February 24, 2022.  The

24 filed notice of removal in Case No. 22-cv-01294 is attached as Exhibit "D" to the

25 concurrently filed Notice of Removal herein.

26    5.  That case was terminated on March 2, 2022 for failing to respond to a

27 February 25, 2022 Notice of Deficiency regarding payment of a filing fee.  See

28 ECF Doc. No. 3, Case No. 22-cv-01294.

6. I did not receive the February 25, 2022 Notice of Deficiency. I also did not receive the March 2, 2022 notice terminating the civil case opening. It is possible the reason I did not receive those notices is due to an update to my email address associated with my ECF account, a change that was made shortly after filing the Notice of Removal.

7. On March 15, 2022 I first learned of the March 2, 2022 notice terminating the civil case opening.

8. I am informed and believe that on March 9, 2022 my assistant submitted payment of a filing fee, but later learned on March 15, 2022 that the case had been terminated due to failure to respond to the February 25, 2022 Notice of Deficiency. I am further informed and believe that my assistant submitted an inquiry to the CM/ECF Helpdesk on March 15, 2022 stating we had attempted to file a case (2:22-cv-01294) but that it apparently had been closed due to non-payment. The inquiry noted old email addresses for my and my assistant's ECF accounts had been updated and asked how to reopen the case after the filing fee payment submitted on March 9, 2022. The Helpdesk response on March 15, 2022 advised the Court's notice (document #3), filed March 2, 2022, provided "No further filings may be made under this case number, except, if applicable, to request a refund of fees using a Form G-124, Application for Refund of Fees. Should you wish to pursue this action, a new case must be filed and a new case number issued."

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 18, 2022

*/s/ Scott Noya*_____
Scott Noya, declarant

2

# EXHIBIT "F"

1
2
3
4
5
6
7

Dean Gazzo Roistacher LLP
Scott Noya, Esq. (SBN 137978)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail: snoya@deangazzo.com


Attorneys for Defendant
Foothill Transit
(erroneously sued as "Foothill Transit Agency")

8
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12
13
14
15
16

GABRIELA CABRERA,

        Plaintiff,

      v.

CITY OF WEST COVINA,
FOOTHILL TRANSIT AGENCY,
and DOES 1-10, INCLUSIVE,

        Defendants.

Case No.:

**DECLARATION OF JANIE WELLE**

17
18
19
20
21
22
23
24
25
26
27
28

    I, Janie Welle, declare:

    1.    I am a legal assistant with the law firm of Dean Gazzo Roistacher LLP.

    2.    I assisted attorney Scott Noya in filing the Notice of Removal to federal court on February 24, 2022 in Case No. 22-cv-01294.

    3.    That case was terminated on March 2, 2022 for failing to respond to a February 25, 2022 Notice of Deficiency regarding payment of a filing fee.  See ECF Doc. No. 3, Case No. 22-cv-01294.

    4.    I did not receive the February 25, 2022 Notice of Deficiency. I also did not receive the March 2, 2022 notice terminating the civil case opening. It is possible the reason I did not receive those notices is due to an update to my email

///

1   address associated with my ECF account, a change that was made shortly after

2   filing the Notice of Removal.

3       5.      On March 15, 2022 I first learned of the March 2, 2022 notice

4   terminating the civil case opening.

5       6.      On March 9, 2022 I submitted payment of a filing fee for the removed

6   action. I later learned on March 15, 2022 that the case had been terminated due to

7   failure to respond to the February 25, 2022 Notice of Deficiency. I submitted an

8   inquiry to the CM/ECF Helpdesk on March 15, 2022 stating we had attempted to

9   file a case (2:22-cv-01294) but that it apparently had been closed due to non-

10  payment. The inquiry noted old email addresses for my and Mr. Noya's ECF

11  accounts had been updated and asked how to reopen the case after the filing fee

12  payment submitted on March 9, 2022. The Helpdesk response on March 15, 2022

13  advised the Court's notice (document #3), filed March 2, 2022, provided "No

14  further filings may be made under this case number, except, if applicable, to

15  request a refund of fees using a Form G-124, Application for Refund of Fees.

16  Should you wish to pursue this action, a new case must be filed and a new case

17  number issued."

18      I declare under penalty of perjury that the foregoing is true and correct.

19  Executed on March 18, 2022

20  __/s/ Janie Welle_____
    Janie Welle, declarant

21

22

23

24

25

26

27

28